FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 07 2015 ★

LONG ISLAND OFFICE

RECEIVED
JUL 07 2015
EDNY PRO SE OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X  Case 2:15-cv-03611-JMA-GRB
Jarrett R. Jenkins,
                        Plaintiff,           **AMENDED COMPLAINT**

    -against-

Cavalry Portfolio Services, LLC.,             **TRIAL BY JURY DEMANDED**

                        Defendant,
-------------------------------------------------------------X

Comes now the Plaintiff Jarrett R. Jenkins respectfully submits and alleges as follows:

## PARTIES

1. Plaintiff Jarrett R. Jenkins, is a natural person who resides at 334 Locust Street, Apt-1, West Hempstead, NY 11552-3044.

2. Defendant Cavalry Portfolio Services, LLC (hereinafter "CPS") is a Delaware business entity with an address of 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595-1340 and its registered agent is CT Corporation System, 111 Eighth Ave, New York, NY 10011.

3. Upon information and belief Defendant operated on its' own behalf at all times or as an agent, affiliate, partner, or under the employ of an unknown entity.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 28 USC §1331 and pursuant to The Fair Credit Reporting Act (hereinafter "FCRA"), 15 USC §1681p.

5. Venue is proper in this district because the cause of action arouse in Nassau County which is located in the Eastern District Of New York.

6. Upon information and belief Defendant accesses consumer credit reports from the national credit reporting agencies i.e. Experian, Equifax, Transunion and Innovis; as such is governed under the law by the FCRA.

## GENERAL ALLEGATIONS

7. Plaintiff obtained his Transunion consumer credit report on or about June 12, 2014.
8. Plaintiff found after examining his Transunion consumer credit report that the Defendant CPS had obtained Plaintiff's Transunion consumer credit report in July 2013. *See Exhibit-1*
9. Discovery of the violation brought forth herein occurred on June 12, 2014 and is within the statute of limitations as defined in the FCRA, 15 U.S.C. §1681p.

## COUNT 1

## FAIR CREDIT REPORTING ACT VIOLATION

10. Paragraphs 1 through 9 are re-alleged as though fully set forth herein.
11. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).
12. Transunion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. §1681a(f).
13. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).
14. The FCRA, 15 U.S.C. §1681b defines the permissible purposes for which a person may obtain a consumer credit report.
15. Such permissible purposes as defined by 15 U.S.C. §1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bonafide offer of credit as a result of the inquiry.
16. Plaintiff has never had any business relationship, dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bonafied offer of credit from the Defendant CPS.
17. On July 30, 2013 Defendant obtained the Transunion consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. §1681b.
18. At no time did Plaintiff give his consent for CPS to acquire his consumer credit report from any

credit reporting agency.

19. The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible or Plaintiff's consent was a willful violation of the FCRA, 15 U.S.C. §1681b and an egregious violation of the Plaintiff's right to privacy.

20. The Defendant had the duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

21. As a result of Cavalry's willful practice of violating The Fair Credit Reporting Act, CPS is liable under 15 U.S.C. §1681n for punitive damages in an amount sufficient to deter Cavalry from engaging in this kind of illegal practice in the future.

## REMEDY SOUGHT

WHEREFORE, Jarrett R. Jenkins prays that the Court enter an order that:

1. Declares' that the Defendant's conduct violated the FCRA;

2. Awards statutory damages of $1,000.00 as listed under the FCRA, pursuant to 15 U.S.C. §1681n.

3. Awards punitive damages as provided under the FCRA, pursuant to 15 U.S.C. §1681n.

4. Award any attorney's fees and costs pursuant to 15 U.S.C. §1681n

5. Other damages as allowed by the court.

Respectfully Submitted,

July 6, 2015

*[signature]*
Jarrett R. Jenkins, Plaintiff
334 Locust Street, Apt-1
West Hempstead, NY 11552-3044
516-841-3132

jrobertjenkins@gmail.com

## CERTIFICATE OF SERVICE

This is to certify under the penalty of perjury that a true and correct copy of the Amended Complaint was sent to the parties listed below by certified first class mail USPS (7014 2120 0003 8005 2968).

Thomas R. Dominczyk
Maurice Wutscher, LLP
5 Walter E. Foran Blvd., Suite 2007
Flemington, NJ 08822-4938
908-237-4550
tdominczyk@mauricewutscher.com
Attorneys for Defendant

Dated July 6, 2015

_____
Jarrett R. Jenkins, Plaintiff

2:15-cv-03611-JMA-GRB

**EXHIBIT- 1**

